## GENERAL MOTORS ACCEPTANCE CORP v FERGUSON et

Ohio Appeals, 1st Dist, Hamilton Co

No 4380. Decided Nov 27, 1933

S. Geismer, Cincinnati, for plaintiff in error.

Fred Weiland, Cincinnati, and Harry P. D'Angelo, Cincinnati, and J. Arthur Meyer, Cincinnati, for defendants in error.

### OPINION

By ROSS, J.

This is a proceeding in error to reverse a judgment of the Court of Common Pleas of Hamilton County, finding in favor of the chattel mortgage lien of The Central Acceptance Corporation, an intervening petitioner, and in favor of William Ferguson, the defendant below. On July 29, 1930, at the instance of the Norwood Buick Company, one of its salesmen, Rehring executed a chattel mortgage to it which it assigned to the General Motors Acceptance Corporation, plaintiff in error. A substantial sum was paid for the assignment of this mortgage which was duly filed as required by law. Neither at this time or any later date did Rehring have title to the automobile covered by this chattel mortgage. In **Commercial Credit Co. v Schreyer and Anderson v Smith, 120 Oh St, 568,** the third and fourth paragraphs of the syllabus are:

"3. Any assignment or transfer of a motor vehicle (not violative of the uniform sales laws of this state), which is not executed and delivered in compliance with §§6310-3 to 6310-14 GC, but which is accompanied by delivery of possession, is nevertheless a valid contract between the parties thereto."

"4. A note secured by a chattel mortgage upon a motor vehicle in the possession of the mortgagor at the time of the execution of the mortgage, though the mortgagor had at the time no bill of sale therefor executed in compliance with §§6310-3 to 6310-14, GC, is nevertheless a valid mortgage between the parties, and, if and when said mortgage is filed with the county recorder of the county where the mortgagor resides, it has priority over subsequent purchasers and mortgagees in good faith. (**Ohio Farmers' Ins. Co. v Todino, 111 Oh St, 274,** and **Helwig v Warren State Bank, 115 Oh St, 182,** overruled)."

If possession of the automobile was therefore given Rehring as an incident to the intention of the Norwood Buick Company to part with the title to this automobile. the language of the syllabi quoted will apply to the instant case. The trial court obviously found such was not the case.

Where the conclusion of the jury or court trying the facts is necessarily predicated upon the existence of a certain fact, and there is substantial though contradicted evidence sustaining such fact, a reviewing court will not disturb such conclusion, for to do so it would necessarily be compelled to substitute its judgment upon the evidence for that of the jury or court. Conversely, the same is true where the jury or court must have concluded that there was a failure to establish a fact. In this case, Rehring claims he owned the automobile. Other evidence clearly indicates he did not. It is apparent to us, as it was evidently to the trial court, that the possession of Rehring was that only of an employee of the company, and this is entirely borne out by the facts hereinafter noted. No bill of sale was ever given him. He used the car as a demonstrator for the Norwood Buick Company. Sometime later, Ferguson, the

defendant below, went to the Norwood Buick Company seeking to purchase a particular kind of car, a Buick Master Six, 1931 Sedan. The Company had no such car on its floor, but later Rehring brought such a car to Ferguson's house, and Ferguson purchased it from the Norwood Buick Company, to whom he gave his check, payable to the Company, a bill of sale for his own car, which he turned in to it in trade, and certain notes, made payable to it and a chattel mortgage in which the company was mortgagee.

The evidence is in direct conflict as to what was said by Rehring at the time he demonstrated the automobile in question to Ferguson. It is claimed by plaintiff in error that Rehring stated he owned the car and could not keep up the payments thereon. If such statements were made by Rehring then the subsequent action of Ferguson was most extraordinary, for he bought a car on which he was advised there was a prior mortgage without demanding evidence of its cancellation. He gave a bill of sale for his own car to the company which had no title to the new car (so billed) it sold him, and gave a note and mortgage to the company and received a bill of sale from it, knowing all the time that Rehring had stated he owned the automobile.

The trial court evidently did not believe Rehring's testimony, and we think was fully justified in its attitude toward the same.

The notes and mortgage, given by Ferguson, who had title to and possession of the automobile, to the Norwood Buick Company were transferred to The Central Acceptance Corporation, one of the defendants in error, and duly filed by it. Thereafter, the General Motors Acceptance Corporation made demand on Ferguson for payment of the notes originally given by Rehring. Ferguson had made one payment to the Central Acceptance Corporation. He refused to make further payments to anyone. The General Motors Acceptance Corporation commenced a replevin proceeding. Upon the trial, the court found that Ferguson had good title to the automobile, subject to the lien of the Central Acceptance Corporation.

In principle, we can see no difference between a case where the mortgagee permits the dealer to maintain a car upon its floors for sale, and one in which the dealer is permitted to place it in the possession of its employees for demonstrating purposes. In each case, the purchaser is led into the belief that the automobile is in the possession of the dealer for sale, and he has nothing to warn him of an incumbrance thereon. Had Ferguson made a search of the records, he would have found no incumbrance upon this automobile by the Norwood Buick Company. The sale was made by the Company as a new car sale, and everything indicated that it and it alone was concerned in the transaction.

There is obviously a difference between the relationship of a mortgagee to an ordinary private owner of an automobile and its relation to a vendor of automobiles, who is holding them only for sale, whether they are cars upon the floor of the salesroom or demonstrators. There is evidence that such latter status was provided for in the several financing plans adapted by this plaintiff in error.

We can and do appreciate the fraud perpetrated upon the General Motor Acceptance Corporation, but where the equities are close it is necessary to ascertain which of two mortgagees could have prevented the wrong. The General Motors Acceptance Corporation, but where the equities ed that the mortgagor which they accepted by assignment of the mortgage had title. If they had so inquired they would have found he had no title, for no bill of sale was issued to him and his possession was that of his employer the Norwood Buick Company. Certainly it is not imposing too great a burden to require a mortgagee to trace title to the car mortgaged by inspection of a bill of sale.

The result is therefore a mortgage held by one claimant, executed by one who had no title, and a mortgage held by another claimant, executed by one who had title. Had the Central Acceptance Corporation searched the records they would have found no mortgage from the Norwood Buick Company to the General Motors Acceptance Corporation, and the Norwood Buick Company was the only grantor in the chain of title to this automobile.

We conclude that the judgment of the trial court cannot be reversed, predicated as it was upon the existence of facts which we cannot disturb in the presence of substantial proof sustaining them.

Our opinion is in conformity to our previous announcement in this court in General Motors Acceptance Corporation v Central Acceptance Corporation, No. 4057, and that of Hostetler v National Acceptance Corporation, 36 Oh Ap, 141, (8 Abs 419).

The judgment is affirmed.

HAMILTON, PJ, and CUSHING, J, concur.